**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIAM E. WOODS                                                                    PETITIONER
ADC #105658

V.                                          NO. 5:13CV00279 KGB/JTR

RAY HOBBS, Director,                                                            RESPONDENT
Arkansas Department of Correction

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

### <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, William E. Woods, an inmate in the Arkansas Department of Correction. *Doc. 2*. Respondent has filed a Response, *Doc. 10*, and Petitioner has filed a Reply, *Doc. 12*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the

procedural history of the case.

On August 5, 2011, Petitioner entered a negotiated guilty plea, in Greene County Circuit Court, to one count of rape. He was sentenced, as a habitual offender, to 360 months of imprisonment. *Doc. 10-2, at 19-25*.

Because his guilty plea was not conditional, Petitioner waived his right to a direct appeal under Arkansas law. *See* Ark. R. App. P.-Crim 1(a); Ark. R. Crim. P. 24.3(b) (2011). Nonetheless, on December 21, 2011, Petitioner filed a *pro se* notice of appeal. *Doc. 10-2, at 29-30*. When the Arkansas Supreme Court subsequently received the record on appeal, the Court's Criminal Justice Coordinator wrote a letter to Petitioner explaining that the record would not be lodged because: (1) the notice of appeal was not timely filed;[1] and (2) Arkansas law does not provide for an appeal from an unconditional guilty plea. *Id. at 107*.

On February 8, 2012, Petitioner filed in the trial court a *pro se* petition for post-conviction relief under Ark. R. Crim. P. 37. *Id. at 32-36*.

On February 22, 2012, the trial court entered an order denying the Rule 37 petition because: (1) the petition was untimely;[2] (2) the December 21, 2011 notice of

---

[1]*See* Ark. R. App. P.-Crim. 2(a)(1) (notice of appeal must be filed within 30 days from entry of judgment).

[2]*See* Ark. R. Crim. P. 37.2(c)(i) (where conviction was obtained on a plea of guilty, post-conviction petition must be filed within 90 days of entry of judgment).

appeal had "no effect" because it also was untimely; and (3) Petitioner had "not established any of the grounds available for relief under Rule 37." *Id. at 38-40.*

On March 14, 2012, Petitioner filed a timely notice of appeal of the trial court's order denying the Rule 37 petition. *Id. at 44-45.*

On May 29, 2012, Petitioner filed, in the trial court, a *pro se* "Petition for Reduction of Sentence Pursuant to Ark. Code Ann. § 16-90-111." *Doc. 10-2, at 47-49.* On June 18, 2012, the trial court entered an order denying the petition for the same reasons stated in its February 22, 2012 order.[3] *Id. at 54.*[4]

On September 20, 2012, Petitioner filed, in the trial court, a second notice of appeal of the February 2012 denial of his Rule 37 petition. *Id. at 66-67.*

On October 3, 2012, he filed, in the Arkansas Supreme Court, a motion for belated appeal of the February 2012 order, and a motion for appointment of counsel. *Docs. 10-3 & 10-4.* On November 8, 2012, the Arkansas Supreme Court entered a "Formal Order" summarily denying the motion for belated appeal and the motion for appointment of counsel. *Doc. 10-5.*

---

[3]The trial court presumably construed Petitioner's papers as a second Rule 37 petition. *See Ussery v. State*, 2014 Ark. 186, at *2 (regardless of the label placed on a post-conviction filing by a prisoner, petitions raising claims cognizable under Rule 37 are subject to the time limitations contained in that rule).

[4]On July 9, 2012, Petitioner filed a notice of appeal of the trial court's June 18, 2012 order. *Id. at 55.* However, it does not appear that he ever perfected that appeal.

4

On August 28, 2013, Petitioner filed this *pro se* § 2254 habeas action. In his Petition, he argues:

(1)     His attorney failed to perform a pretrial investigation: *i.e.*, he did not order discovery that would have confirmed mental incompetency, did not interview persons for whom subpoenas were issued, did not interview another person believed to have actually committed the crime, and did not investigate a potential jurisdictional issue;

(2)     The trial court failed to "suppress" evidence from a nurse who was allowed to be an expert witness for both the state and the defense and who had given conflicting opinions regarding Petitioner's competency;

(3)     His attorney failed to object to a "confrontational violation" when the court ruled that the alleged victim did not have to testify; and

(4)     His confession was coerced: *i.e.*, his attorney took advantage of his inability to read or write and his mental incompetence, leading Petitioner to believe that the plea and arraignment was a bench trial that could be appealed.

Respondent argues that Petitioner's claims: (1) are barred by the one-year statute of limitations applicable to federal habeas petitions; and (2) are procedurally barred due to his failure to properly raise them in state court. For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[5]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of

---

[5]Thus, the Court need not address Respondent's procedural default argument.

conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's Judgment and Commitment Order was filed with the Greene County Circuit Court on August 5, 2011.[6] Because his guilty plea waived his right to appeal under Arkansas law, his conviction was "final," for purposes of § 2244(d)(1)(A), on August 5, 2011. From that date, Petitioner had one year, until August 5, 2012, to file this federal habeas action.

Petitioner initiated this action on August 28, 2013, more than one year *after* the expiration of the one-year statute of limitations.[7]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court.[8] 28 U.S.C. § 2244(d)(2). When the

---

[6]*Doc. 10-2, at 23; see Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk).

[7]Because Petitioner did not date his Petition or state when he placed it in the prison mail system, he is not entitled to the benefit of the "prison mailbox rule." *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (timely inmate filing may be shown "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mailing system] and state that first-class postage has been prepaid"); *Henderson-El v. Maschner*, 180 F.3d 984, 985-86 (8th Cir. 1999) (federal habeas petitioner cannot avail himself of the benefits of the prison mailbox rule unless he proffers evidence of the date that he delivered his petition to prison officials for mailing).

[8]A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and

state courts determine a post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 5-7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Here, on February 22, 2012, and on June 18, 2012, the state trial court unequivocally held that Petitioner's two post-conviction petitions were untimely under state law.[9] Accordingly, the one-year federal habeas statute of limitations began to run on August 5, 2011, and was *not* tolled during the pendency of any of Petitioner's state post-conviction proceedings in the trial and appellate court.[10]

Because § 2244(d) is a statute of limitations, not a jurisdictional bar, a petitioner may be entitled to equitable tolling if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

To excuse his untimeliness, Petitioner asserts that he is illiterate, cannot read

---

office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[9]The Arkansas Supreme Court denied Petitioner's motion to file a belated appeal of the February 2012 order, and Petitioner did not perfect an appeal of the June 2012 order. Thus, the trial court's decisions are final.

[10]Petitioner's motion for belated appeal also had no tolling effect because it was filed *after* the statute of limitations had already run. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

or write, has "mental issues," and has been able to proceed only with the assistance of other inmates. *Docs. 2, at 12; 12, at 1*.

Under well-established Eighth Circuit law, equitable tolling is *not* justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, reliance on other inmates, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).

However, the Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (unpub. *per curiam*); *see Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014) (collecting decisions from other Circuits).

In support of his allegations of mental deficiencies, Petitioner points to: (1) school records that show he was in special education classes in the 1980s, *Doc. 15, at*

*6-7*;[11] and (2) a Forensic Evaluation Report,[12] dated July 21, 2011, prepared in connection with his state criminal proceedings, *Doc. 10-2, at 10-17*. He also alleges that both he and the victim were "to some degree mentally retarded and/or had mental deficiencies," and that, at the time of his conviction, he was receiving "an SSI check for mental reasons." *Doc. 2, at 12*.

According to the forensic report, the psychological examiner[13] concluded that, at the time of the examination in July 2011, Petitioner: (1) had a history of treatment for depressive symptoms and a current diagnosis of Major Depressive Disorder, recurrent, mild severity; and (2) had the capacity to understand the criminal proceedings against him and to assist effectively in his own defense. The examiner noted that Petitioner had obtained a score of 96/100 on the court competency test, demonstrating a "good understanding of the legal process and his charges," the ability to relate "effectively" and in a rational manner with the examiner and his attorney, and "good reasoning ability and the capacity to make decisions in his own best interests."

---

[11]Petitioner submitted the school records in this § 2254 action in support of a motion for appointment of counsel. *Doc. 15*.

[12]The forensic report was based on: (1) a face-to-face clinical interview on July 8, 2011, in which Petitioner recounted his psycho-social and work history, as well as his account of the alleged offense; (2) a mental status examination and administration of a court competency test; and (3) review of Petitioner's mental health records from 2005 to March 2011. *Doc. 10-2, at 11*.

[13]Lisa D. Peck, Ph.D., LPC.

*Doc. 10-2, at 10, 15-16.*

The examiner also concluded that, at the time of the charged offense in September 2010, Petitioner did not have a "mental disease or mental defect," with no history of treatment for "a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life." The examiner noted that this opinion was supported by Petitioner's work history, his ability to obtain a driver's license and his verbal skills observed during the evaluation. *Id. at 10-11, 14, 16.*

Finally, the examiner concluded that, at the time of the charged offense, Petitioner had the capacity: (1) to appreciate the criminality of his conduct; (2) to conform his conduct to the requirements of the law; and (3) to engage in purposeful conduct, a necessary element of the charged offense. *Id. at 10, 16-17.*[14]

Thus, Petitioner's conclusory allegations of mental incompetency are not supported by any evidence of a medically diagnosed psychotic disorder or mental

---

[14]Petitioner alleges that he "had previously been decided [sic] to be incompetent by his mental health provider." *Doc. 2, at 12.* This was not reflected in the mental health records reviewed by the psychological examiner in connection with the July 2011 forensic report, dating back to 2005. *Doc. 10-2, at 12.* Any adjudication of incompetency prior to that time would be too remote in time to justify equitable tolling of the § 2254 filing deadline in August 2012. *See Collins v. Scurr*, 230 F.3d 1362, *1 (8th Cir. 2000) (unpub. table op.) (petitioner's "bald and unsupported" assertion of mental incompetency at time of guilty plea three years earlier was too "remote" to "equitably toll the statute of limitations and excuse the late filing of his § 2254 petition").

defect, or any adjudication of incompetency or incapacity. The evidence in the record simply does not demonstrate that, during the applicable time period he was so incapable of rational thought that he could not appreciate his legal situation or ascertain that he must take steps to protect his rights. In fact, other evidence in the record shows that, during the period for timely filing a § 2254 habeas petition – before August 5, 2012 – Petitioner was able to file or tender, in state court, two post-conviction petitions, three notices of appeal, several applications to proceed *in forma pauperis* with supporting documentation, a motion for appointment of counsel, and a motion for transcript. *See id. at 26-30, 32-37, 41-53, 55, 101-02, 108.* He also was able to correspond with the Arkansas Supreme Court Clerk and the ADC Attorney for Inmates. *Id. at 106, 108-09*. Even if he did this with the assistance of other inmates, he obviously was capable of obtaining that assistance, gathering the necessary facts and information, and effectively communicating that information to the inmates who assisted him. Thus, Petitioner's own actions during the applicable time period undercut his contention that he was mentally incapable of initiating a § 2254 federal action in a timely manner.

Finally, after the Arkansas Supreme Court denied Petitioner's motion for belated appeal on November 8, 2012, Petitioner *waited more than nine months* before filing this federal habeas action. This simply does *not* show diligence. *See Pace*, 544

U.S. at 419 (petitioner failed to pursue his rights diligently where he waited five months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no diligence where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final). Thus, Petitioner is not entitled to equitable tolling.

Accordingly, all of Petitioner's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 6th DAY OF October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE